# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

**v.**                                                    **Case No. 07-CR-15**

**SHAIMONE BARKHADLE**
        **Defendant.**

---

## ORDER

On January 4, 2008, I sentenced defendant Shaimone Barkhadle to a total of 101 months in prison, 5 years of supervised release, and $68,027.96 in restitution on his guilty pleas to armed bank robbery and using a firearm during a crime of violence. He completed the prison sentence and commenced supervision on June 11, 2014. On January 4, 2018, defendant filed a motion for early termination of his supervised release.

### I.

The district court may, after considering the applicable sentencing factors in 18 U.S.C. § 3553(a), grant early termination if: (1) the defendant has completed at least one year of supervision, (2) the government is given notice and an opportunity to be heard, and (3) termination is warranted by the conduct of the defendant and the interest of justice. See 18 U.S.C. § 3583(e)(1); United States v. Medina, 17 F. Supp. 2d 245, 245 (S.D.N.Y. 1998). The first two criteria are satisfied here; the issue is whether early termination is warranted.

The district court possesses wide discretion in making this determination. United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts considering such requests have generally required more than mere compliance before granting early termination. United States

v. Toliver, No. 07-CR-29, 2018 U.S. Dist. LEXIS 61367, at *1-2 (E.D. Wis. Apr. 10, 2018) (citing

Folks v. United States, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (collecting cases)).  They

have tended to grant such relief in cases where the defendant's behavior has been

exceptionally good, where supervision hinders rather than fosters the defendant's rehabilitation,

or where some new or unforeseen circumstance otherwise supports a reduction of the original

supervision term.[1]  Id. at *2 (citing United States v. Malone, No. 09-CR-248, 2016 U.S. Dist.

LEXIS 172130, at *2 (E.D. Wis. Dec. 12, 2016); United States v. White, No. 06-CR-50, 2012

U.S. Dist. LEXIS 151054, at *4 (E.D. Wis. Oct. 19, 2012) (collecting cases)); see also Medina,

17 F. Supp. 2d at 246-47 (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).[2]  The

_____

[1]The applicable sentencing guideline states: "The court has authority to terminate or extend a term of supervised release.  See 18 U.S.C. § 3583(e)(1), (2).  The court is encouraged to exercise this authority in appropriate cases."  U.S.S.G. § 5D1.2 cmt. n.5. Defendant suggests that this marks a change from the "unforeseen circumstances/exceptional behavior" standard courts have applied, which can be traced back to Lussier.  As I have noted in other cases, the statute does not require the defendant always demonstrate exceptional circumstances in order to gain early termination.  Rather, the attached text is descriptive of the manner in which courts have exercised their discretion in considering such motions.  United States v. Mays, 08-CR-172, 2016 U.S. Dist. LEXIS 170006, at *2 n.1 (E.D. Wis. Dec. 8, 2016); United States v. Spinks, No. 08-CR-161, 2016 U.S. Dist. LEXIS 83166, at *2 n.2 (E.D. Wis. June 27, 2016).  The defendant must provide the court with some reason why the original term should be reduced, which may be based on his laudatory conduct, a change in his circumstances, or a showing that supervision no longer serves the purposes of deterrence, public protection, and rehabilitation.

[2]Further guidance for evaluating the defendant's conduct can be found in the Administrative Office's Guide to Judiciary Policy, Volume 8, Part E, § 380.10(b), which directs probation officers to consider the following criteria: (1) stable community reintegration (e.g., residence, family, and employment); (2) progressive strides toward supervision objectives and in compliance with all conditions of supervision; (3) no aggravated role in the offense of conviction; (4) no history of violence; (5) no recent arrests or convictions; (6) no recent evidence of alcohol or drug abuse; (7) no recent psychiatric episodes; (8) no identifiable risk to the safety of any identifiable victim; and (9) no identifiable risk to public safety. http://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-8-probation-and-pretrial-serv ices/part-e-supervision-federal-offenders-monograph-109/ch-3-supervision-assessment-and -planning-process#380_10.

defendant bears the burden of demonstrating that early termination is warranted. <u>Toliver</u>, 2018 U.S. Dist. LEXIS 61367, at *2.

## II.

In his motion, defendant notes that he is gainfully employed as a personal care worker, and that he previously operated his own business. He further notes that since his release he has assisted in raising his younger siblings and volunteered with the United Way. He contends that he has no medical, educational, or vocational needs that the probation office could help with, <u>see</u> 18 U.S.C. § 3553(a)(2)(D), that he poses no threat to the victims in his case or to the public, § 3553(a)(2)(C), and that he is no longer the foolish teen who committed this offense, § 3553(a)(1), (a)(2)(B). He cites studies indicating that offenders granted early termination re-offend at lower rates, as do those (like him) who fall in criminal history category I. He also cites a case from Illinois in which a bank robbery defendant was terminated after serving half of his 5 year supervision term. <u>See</u> 18 U.S.C. § 3553(a)(6). Finally, he notes that he has consistently made $100 monthly payments towards restitution, as ordered, <u>see</u> 18 U.S.C. § 3553(a)(7), but that it will be impossible to retire the $53,718.98 balance during the current supervision term. Therefore, he contends, this outstanding obligation should not weigh against his request.[3]

The government responds that defendant's motion should be denied at this time, as he has provided insufficient information to allow his request to be evaluated.[4] Further, according

---

[3]The AO Guide states: "(c)The existence of an outstanding financial penalty per se does not adversely affect early termination eligibility as long as the offender has been paying in accordance with the payment plan."

[4]It appears that defendant provided certain documents to the government which were not included with his motion, e.g., bank records. In reply, defendant explains that after he filed the motion his probation officer relayed a request from the government for certain documentation.

3

to the supervising probation officer, defendant refused to respond to questions and requests for documentation regarding the claims he asserted. The government requests that the court direct defendant to provide full documentation to his probation officer so that the government and the court can fairly evaluate his request for early termination.

In reply, defendant contends that he has no financial disclosure condition and thus no obligation to provide the requested documentation. In any event, he asserts that he has complied with the probation officer's requests. He explains that a $200 deposit to his bank account, which got the government's attention, was part of a promotional offer by the bank, not interest or dividends from some undisclosed source. Finally, he denies that he refused to answer the probation officer's questions.

### III.

While defendant's motion includes a thorough discussion of the law applicable to early termination request, it provides limited information on his conduct. The studies and cases defendant cites provide little insight into his particular situation. Nor does the government's response discuss defendant's conduct on supervision (other than his alleged failure to provide documentation). It is therefore difficult for me to evaluate his request. I will direct that the probation office submit a report discussing defendant's conduct and compliance.

**IT IS ORDERED** that the update report be filed on or before **May 31, 2018**.

Dated at Milwaukee, Wisconsin this 10th day of May, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge

4